UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH J. LEBLANC                                    CIVIL ACTION

VERSUS                                                NUMBER: 09-3330

MICHAEL J. ASTRUE,                                    SECTION: "S"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION


**REPORT AND RECOMMENDATION**


The above-captioned matter is an action seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying plaintiff's applications for Social Security benefits. (Rec. doc. 1). Plaintiff's request to file this matter in forma pauperis was granted by the Court on April 23, 2009. (Rec. doc. 3). On April 27, 2009, three summonses were issued by the Clerk's Office and were forwarded to the pro se plaintiff along with an instructional letter ("pauper letter") advising him that the U.S. Marshal was available to effect service on his behalf under Rule 4(c)(3), Fed.R.Civ.P., upon being furnished with the

necessary paperwork. (Rec. docs. 4, 3-2).

In accordance with Local Rule 16.2E, after over four months had passed a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been properly made on the named defendant, the Court ordered plaintiff to show cause, in writing and on or before September 30, 2009, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 5). No response to the show cause has been forthcoming from plaintiff and proof of service is still absent from the record despite the fact that the case has been pending for more than five months.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own initiative after notice to the plaintiff- shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor. See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United

States, 911 F.2d 1155 (5th Cir. 1990).

It has now been over five months since this lawsuit was filed and proof of service on the named defendant is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon him the need to prosecute his case. Unfortunately, plaintiff has filed nothing in response to the Court's show cause order and no further activity has taken place in this case. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone. Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this <u>1st</u> day of <u>October</u>, 2009.

                                                                _/s/ Alma L. Chasez_
                                                                  ALMA L. CHASEZ
                                           UNITED STATES MAGISTRATE JUDGE